SIDNEY J. COHEN, Esq., State Bar  No.  39023
SIDNEY J. COHEN PROFESSIONAL CORPORATION
427 Grand Avenue
Oakland, CA  94610
Telephone:  (510) 893-6682

Attorneys for Plaintiff
Richard Skaff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD SKAFF

     Plaintiff,

v.

CITY OF CORTE MADERA and
DOES 1 through 20, Inclusive,

     Defendants.
_____/

CASE NO.  C 08-05407 SBA
Civil Rights

**COMPLAINT**
**FOR DAMAGES AND INJUNCTIVE
RELIEF: DENIAL OF DISABLED
ACCESS; VIOLATION OF TITLE II
OF AMERICANS WITH
DISABILITIES ACT, 42 USC §12101;
VIOLATION OF §504 OF
REHABILITATION ACT OF
1973; VIOLATION OF §11135
CALIFORNIA GOVERNMENT CODE;
VIOLATION OF §§4450, ET. SEQ.,
CALIFORNIA GOVERNMENT CODE;
VIOLATION OF §§ 54 AND 54.1,
CALIFORNIA CIVIL CODE;
VIOLATION OF §19955ff HEALTH
AND SAFETY CODE;   AND
VIOLATIONS OF  RELATED CODES
AND REGULATIONS**

**DEMAND FOR JURY TRIAL**

Plaintiff RICHARD SKAFF  complains of Defendant CITY OF

CORTE MADERA and DOES 1-20, inclusive, and alleges as follows:

## INTRODUCTION

1.      Defendant City of Corte  Madera is a local public entity which is

required under federal and/or state laws and regulations to (a)develop and

implement a comprehensive Self Evaluation and Transition plan covering public

facilities, including but not limited to pedestrian rights of way, (b)provide and

maintain  public facilities throughout the City, including but not limited to curb

cuts, sidewalks, walkways,  paths of travel, and  parking,  (c) install curb ramps

in accord with a Transition Plan schedule, and (d) install curb ramps

concurrently with newly constructed or altered streets. The City has engaged in,

and continues to engage in,  a systematic pattern and practice of discrimination

against persons  who have mobility disabilities by its failure to develop and

timely implement a comprehensive Self Evaluation and Transition plan covering

pedestrian rights of way, by  not providing and maintaining public facilities for

persons with mobility disabilities, by not installing curb ramps in accord with a

Transition Plan and by not installing curbs ramps when providing  constructed

or altered streets.

2.      Plaintiff Richard Skaff is a "person with a disability"or "physically

handicapped person" who   requires the use of a wheelchair for locomotion and

is unable to use portions of public facilities which are not accessible to disabled

persons who require the use of a wheelchair.  Consequently, this case involves

the denial of access by the City of Corte  Madera to Mr. Skaff and others who

use a wheelchair. This denial of access due to  curbs, sidewalks, walkways, paths

of travel, and parking that Mr. Skaff encountered and that do not comply with

the requirements of federal and state disabled access laws and regulations

include,  but are not necessarily limited to, the areas at and around the Town

1   Center Shopping Center (e.g. Madera, Manona, Mohalk), the City Recreation

2   Center (Tamalpais), the paint store (at 30 Tamalpais), Paradise Drive shopping,

3   and the Railroad right of way. In this regard, for many years and within the past

4   six (6) months prior to filing a claim with the City of Corte Madera Mr. Skaff

5   encountered, and continues to encounter,  lack of curbs, lack of curb cuts that

6   comply with applicable laws and regulations, lack of sidewalks and paths of

7   travel that comply with applicable laws and regulations, and  lack of accessible

8   street parking.

9          3.      Mr. Skaff seeks 1) a court order enjoining Defendants from

10  violating Title II of the Americans with Disabilities Act, Section 504 of the

11  Rehabilitation Act of 1973,section 54 of the California Civil Code, section 4450

12  of the California Government Code, section 11135 of the California Government

13  Code, section 19955ff of the California Health And Safety Code, and all related

14  Codes and Regulation , 2)  a preliminary and permanent injunction directing that

15  Defendants  modify the City of Corte Madera curbs, sidewalks, walkways, paths

16  of travel, parking and  related facilities so that each provide full and equal access

17  to all citizens, including persons with disabilities, 3) a preliminary and

18  permanent injunction directing that Defendants  remove **all** barriers to access in

19  the City of Corte Madera with respect  to its curbs, sidewalks, walkways, paths

20  of travel, parking and related facilities  and take all actions necessary to ensure

21  that the City of Corte Madera and its curbs, sidewalks, walkways, paths of

22  travel, parking and related facilities comply with all federal and state disabled

23  access laws and regulations for persons such as Mr. Skaff who require the use of

24  wheelchairs for mobility, and 4) a Court order  that Defendant City of Corte

25  Madera  develop and implement a Self Evaluation and Transition Plan, and/or

26  timely adhere to any existing Self Evaluation and Transition Plan for removal of

27  barriers to access.

28

Complaint for Injunctive Relief And Damages

1       Mr. Skaff also seeks  damages for his physical and personal injuries

2   and discriminatory experiences  as a result of the  failure of the City of Corte

3   Madera and any other responsible parties to provide  proper access  and seeks

4   recovery of reasonable attorney's fees, expenses, and costs.

5                 **JURISDICTION AND VENUE**

6       4.      This Court has jurisdiction of this action pursuant to 28 USC §1331

7   for violations of the Americans with Disabilities Act of 1990, 42 USC §12101 *et*

8   *seq*. and  §504 of the Rehabilitation Act.  Pursuant to pendant jurisdiction,

9   attendant and related causes of action arising from the same facts are also

10  brought under California law, including but not limited to violations of

11  California Government Code §4450, *et.  seq*., Health & Safety Code §19955 *et*

12  *seq*., including §19959; Title 24 California Code of Regulations; and California

13  Civil Code §§ 54, 54.3 and 55.

14      Venue is proper in this court pursuant to 28 USC 1391(b) and is

15  founded on the fact that the real property which is the subject of this action is

16  located in this district and that Mr. Skaff's causes of action arose in this district.

17      5.      This case should be assigned to the San Francisco intradistrict

18  because  the real property which is the subject of this action is located in the San

19  Francisco intradistrict and Mr. Skaff's causes of action arose in the San

20  Francisco intra district.

21            **PARTIES AND GOVERNMENT CLAIM**

22      6.      Mr. Skaff is and at all time relevant to this Complaint was a

23  physically disabled person and a "person with disabilities,"  as these terms are

24  used under California law and under federal law, including but not limited to

25  §504 of the Rehabilitation Act and Title II of the Americans with Disabilities

26  Act of 1990.  These terms, a "physically disabled person,"  and a "person with

27  disabilities," will be used interchangeably throughout this Complaint.  Mr. Skaff

28

1    requires the use of a wheelchair for mobility.

2         7.    Defendant City of Corte Madera  and Defendant Does 1-5 are

3    public entities and/or employees or agents of Defendant City of Corte  Madera

4    and are subject to Title II of the Americans with Disabilities Act of 1990,  the

5    Rehabilitation Act of 1973, and the requirements of California State law

6    requiring full and equal access to public facilities pursuant to § 4450ff

7    Government Code and elsewhere, and to all other legal requirements referred to

8    in this complaint.  Defendants Does 6-15 are owners, operators, lessors and/or

9    lessees of  the public accommodation  buildings, structures, and/or facilities

10   which are the subject of this lawsuit. The City of Corte  Madera and its   curbs,

11   sidewalks, walkways,  paths of travel, and parking are  subject to the

12   requirements of California Government Code §§ 4450 et seq., Health & Safety

13   Code §§ 19955 et seq. and of California Civil Code §§ 54, et. seq.  On

14   information and belief, the curbs, sidewalks, walkways,  paths of travel, and

15   parking which are the subject of this lawsuit  have, since November 13, 1968,

16   undergone "alterations, structural repairs, or additions" subjecting them  to

17   disabled access requirements of Government Code § 4456 and  Health & Safety

18   Code  §19959 since July 1, 1970.   On information and belief, all such Doe

19   Defendants wrongfully discriminated against Mr. Skaff on the basis of his

20   disability as  part of a joint venture and common enterprise with the named

21   Defendants.

22        8.    Mr. Skaff does not know the identities of Does 16-20 at this time

23   and prays leave to substitute the true names of each such Defendant when they

24   have been ascertained.  Mr. Skaff does not know the relative responsibilities of

25   the City of Corte Madera and Does 1-5 in the ownership and operation of the

26   curbs, sidewalks, walkways,  paths of travel, and parking  herein complained of,

27   and alleges a joint venture and common enterprise by Defendants City of Corte

28

1  Madera and Does 1-5 in the ownership and operation of each such curb,

2  sidewalk, walkway, path of travel, and parking . On information and belief, Mr.

3  Skaff also alleges that each such Defendant was and is an owner, operator,

4  lessor, and/or lessee of the public curbs, sidewalks, walkways, paths of travel,

5  and parking complained about herein.

6       9.      GOVERNMENT CLAIMS FILED AND REJECTED - Mr. Skaff

7  made a timely claim for damages to Defendant City of Corte Madera on August

8  18, 2008, which claim the City rejected on October 17, 2008.

9                    **FACTUAL BASES FOR COMPLAINT**

10      10.     Mr. Skaff is a physically disabled person who requires the use of a

11  wheelchair for mobility.   This case results from  Mr Skaff's's numerous

12  encounters and denials of access to  public curbs, sidewalks, walkways, paths of

13  travel, and  parking in the City of Corte Madera. This denial of access due to

14  existing curbs, sidewalks, walkways, paths of travel, and parking that do not

15  comply with the requirements of federal and state disabled access laws and

16  regulations include, for illustrative purposes only, the areas at and around the

17  Town Center Shopping Center (e.g. Madera, Manona, Mohalk), the City

18  Recreation Center (Tamalpais), the paint store (at 30 Tamalpais), Paradise Drive

19  shopping, and the Railroad right of way. In this regard, for many years and

20  within the past six (6) months prior to filing his claim Mr. Skaff encountered,

21  and continues to encounter, the following: lack of curb cuts, in violation of

22  applicable laws and regulations for persons with disabilities; existing curb cuts

23  which do not comply with applicable laws and regulations for persons with

24  disabilities; lack of sidewalks, walkways, and paths of travel, in violation of

25  applicable laws and regulations for persons with disabilities; existing sidewalks,

26  walkways, and paths of travel which do not comply with applicable laws and

27  regulations for persons with disabilities; lack of accessible street parking, in

28

violation of applicable laws and regulations for persons with disabilities; and existing street parking which violates applicable laws and regulations for persons with disabilities.

11.     As a result of the actions and failure to act of Defendants and each of them and as a result of the failure to provide disabled access, Mr. Skaff suffered, and continues to suffer on a daily basis, denial of his Civil Rights under federal and California laws and regulations, physical, psychological and emotional discomfort, pain and suffering, and denial of his rights to full and equal access to public facilities, all to his general and statutory damages.  As a result of the above facts, Mr. Skaff was denied his Civil Rights, and continues to be denied his Civil Rights, and he was embarrassed, humiliated, and was denied full and equal access solely on the basis that he is physically disabled person and who requires the use of wheelchairs for mobility.

**FIRST CAUSE OF ACTION:**
**DISCRIMINATION IN VIOLATION OF TITLE II**
**OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

12.     Mr. Skaff repleads and incorporates by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 11 of this complaint.

13.     At all times herein mentioned, Mr. Skaff was entitled to the protections of the "Public Services" provisions of Title II of the Americans with Disabilities Act of 1990, (hereinafter referred to alternatively as the "ADA"). Pursuant to 42 USC 12132, § 202 of Title II, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity.  Defendants City of Corte Madera and Does 1-5 were and are such public entities.  Mr. Skaff was at all times relevant herein a qualified individual with a disability for all purposes under the ADA.

14.   In violation of Title II of the Americans with Disabilities Act of 1990, Defendant City of Corte Madera and Does 1-5 discriminated against Mr. Skaff by failing to ensure that individuals with physical disabilities such as Mr. Skaff are not excluded from services, programs and activities at the City of Corte Madera and its curbs, sidewalks, walkways, paths of travel, parking, and related facilities, including but not limited to those set forth, supra. In addition, Defendants have discriminated against Mr. Skaff and other persons with mobility disabilities in violation of 28 C.F.R. §35.130, including subsection, (b)(3)(i,and ii), which states:

"(3) A public entity may not, directly or through contractual or other arrangements, utilize criteria or methods of administration;

(i) That have the effect of subjecting qualified individuals with disabilities to discrimination on the basis of disability;

(ii) That have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of the public entities program with respect to individuals with disabilities."

Defendant's failures and omissions with respect to its curbs, sidewalks, walkways, "paths of travel," parking ,and related facilities subject Mr. Skaff to discrimination on the basis that he is a disabled person and unable to use inaccessible public facilities.

15.   As a result of such discrimination, in violation of §202 of the ADA, Mr. Skaff is entitled to the remedies, procedures and rights set forth in § 505 of the Rehabilitation Act of 1973 (29 USC 794a), as provided by §203 of the ADA.

16.   On information and belief, to the date of filing of this complaint, Defendants have failed to make any of their facilities as described herein accessible to and usable by physically disabled persons, as required by law.

17.   Mr. Skaff seeks injunctive relief to prohibit the acts and omissions of Defendants as complained of herein which are continuing on a day-to-day basis and

have the effect of wrongfully excluding Mr. Skaff and other members of the public who are physically disabled wheelchair users from full and equal access to and at the City of Corte Madera curbs, sidewalks, walkways, paths of travel, parking, and related facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Mr. Skaff in that these actions continue to treat him as an inferior and second class citizen and serve to discriminate against him on the sole basis that he is a person with disabilities and requires the use of a wheelchair for movement in public places; Mr. Skaff is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to and use of the curbs, sidewalks, walkways, paths of travel, parking, and related facilities. Until Defendants make the City of Corte Madera accessible to and useable by Mr. Skaff, he is deterred from using the curbs, sidewalks, paths of travel, parking, and related facilities.  The acts of Defendants have proximately caused and will continue to cause irreparable injury to Mr. Skaff if not enjoined by this court.  Mr. Skaff requests the Court issue an injunction ordering and requiring that Defendants remove all such barriers to access for persons with disabilities in the City of Corte Madera and make the curbs, sidewalks, walkways, paths of travel, and parking  accessible to and  usable by disabled persons as required by federal and state law and regulation. For example, the laws and regulations include the following:

–28 C.F.R. 35.150(d)(2), which provides that a Self Evaluation and Transition Plan to evaluate and improve accessibility include "a schedule for providing curb ramps or other sloped areas where pedestrian walks cross curbs," and further provides priorities for such schedules. Mr. Skaff is informed and believes that Defendants either do not have such a schedule or that it is not complying with any such schedule, which constitutes unlawful discrimination in violation of Title II of the ADA and which warrants an injunction by this court.

–28 C.F.R. 35.151(b), which provides that when a public entity alters

any existing facility in any manner that affects useability, the altered portions must be made accessible to and usueable by individuals with disabilities Mr. Skaff is informed and believes that Defendants have made such alterations without making them accessible to and useable by individuals with disabilities, which constitutes unlawful discrimination in violation of Title II of the ADA and which warrants an injunction by this court.

–28 C.F.R. 35.151(e), which provides that a public entity must install curb ramps at intersections whenever it alters sidewalks, streets, roads, and/or highways at any time after January 26, 1992. Mr. Skaff is informed and believes that Defendants have made such alterations without installing such curb ramps or by installing non compliant curb ramps, which constitutes unlawful discrimination in violation of Title II of the ADA and which warrants an injunction by this court.

–28 C.F.R. 35.133, which provides that a public entity must maintain the features of all facilities required to be accessible by the ADA which, per –28 C.F.R. 35.104, include roads, walks, passageways, and parking. Mr. Skaff is informed and believes that Defendants have failed to provide such maintenance, which constitutes unlawful discrimination in violation of Title II of the ADA and which warrants an injunction by this court.

–28 C.F.R. 36 APP.A. 4.1.1(4) to Title III of the ADA, which applies to 28 C.F.R. 35.151 (c) of Title II of the ADA and which provides that a public entity must maintain accessibility for temporary facilities, including but not limited to "temporary safe pedestrian passageways around a construction site." Mr. Skaff is informed and believes that Defendants have failed to provide such maintenance, which constitutes unlawful discrimination in violation of Title II of the ADA and which warrant an injunction by this court.

18.    Mr. Skaff requests appropriate injunctive relief,  litigation expenses and costs, and reasonable attorneys' fees as provided by law.

1    WHEREFORE, Mr. Skaff prays that this court grant relief as requested herein

2  below.

3

4                          **SECOND CAUSE OF ACTION:**
       **VIOLATION OF §504 OF THE REHABILITATION ACT OF 1973**

5    19.    Mr. Skaff repleads and incorporates by reference as if fully set forth

6  herein the allegations contained in Paragraphs 1 through 18 of this complaint.

7    20.    Defendants City of Corte Madera and Does 1-5 are each a local

8  government agency existing under the laws of the State of California with

9  responsibility for, *inter alia*, operating the City of Corte  Madera and it curbs,

10 sidewalks, walkways,  paths of travel, parking, and related  facilities.  Mr. Skaff is

11 informed and believes and thereon alleges that the City of Corte Madera and Does

12 1-5, and each of them, have been a recipient of Federal financial assistance and that

13 part of that financial assistance was and is used to fund the construction, alteration,

14 and operations of the public curbs, sidewalks, paths of travel, parking and other

15 functions and activities which take place in the City of Corte Madera  and in its

16 buildings, structures, and facilities.

17   21.    By their actions or inactions in denying disabled access as set forth,

18 supra, Defendants have violated Mr. Skaff's rights under §504 of the Rehabilitation

19 Act of 1973, 29 USC §794 and under the regulations promulgated thereunder.

20 Section 504 states in relevant part that   "No other qualified handicapped

21 individual... shall, solely by reason of her or his handicap, be excluded from the

22 participation in, be denied the benefits of, or be subjected to discrimination under

23 any program or activity receiving Federal financial assistance..."

24   22.    Mr. Skaff has no adequate remedy at law. Unless the requested relief

25 is granted, Mr. Skaff or any other similarly disabled persons who have cause to visit

26 the City of Corte  Madera   will suffer irreparable injury by the denial of access.

27   23.    Mr. Skaff seeks injunctive relief to prohibit the acts and omissions of

28

Complaint for Injunctive Relief And Damages

1   Defendants as complained of herein which are continuing on a day-to-day basis and

2   have the effect of wrongfully excluding Mr. Skaff and other members of the public

3   who are physically disabled wheelchair users from full and equal access to and at

4   the City of Corte Madera  and its curbs, sidewalks, walkways,  paths of travel,

5   parking, and related  facilities. Such acts and omissions are the cause of humiliation

6   and mental and emotional suffering of Mr. Skaff in that these actions continue to

7   treat him as an inferior and second class citizen and serve to discriminate against

8   him on the sole basis that he is a person with disabilities and requires the use of a

9   wheelchair for movement in public places; Mr. Skaff is unable, so long as such acts

10  and omissions of Defendants continue, to achieve equal access to and use of the

11  City of Corte Madera. Until Defendants make the City of Corte Madera and its

12  curbs, sidewalks, walkways,  paths of travel, parking, and related   facilities

13  accessible to and useable by Mr. Skaff, he is deterred from returning to the City of

14  Corte  Madera and  and its curbs, sidewalks, paths of travel, parking, and related

15  facilities.  The acts of Defendants have proximately caused and will continue to

16  cause irreparable injury to Mr. Skaff if not enjoined by this court.  Mr. Skaff

17  requests that the Court issue an injunction ordering and requiring that Defendants

18  remove all curb, sidewalk, paths of travel, and parking barriers to access for persons

19  with  disabilities  as  required  by  federal  and  state  disabled  access  laws  and

20  regulations.

21          24.     Mr. Skaff also requests appropriate damages, litigation expenses and

22  costs, and reasonable attorneys' fees as provided by law.

23                  WHEREFORE, Mr. Skaff prays that this court grant relief as requested

24  herein below.

25                      **THIRD CAUSE OF ACTION:**
                **VIOLATION OF CALIFORNIA GOVERNMENT CODE §11135**
26              **DISCRIMINATION UNDER PROGRAM RECEIVING**
                    **FINANCIAL ASSISTANCE FROM THE STATE**
27
          25.     Mr. Skaff  repleads and incorporates by reference as if fully set forth
28

herein the allegations contained in Paragraphs 1 through 24 of this complaint.

26.     The administration, supervision and maintenance of the City of Corte Madera's curbs, sidewalks, walkways, paths of travel, parking, and related facilities is funded, at least in part, by the State of California.

27.     Defendants have failed to make the City of Corte Madera and its curbs, sidewalks, walkways, paths of travel, parking and related facilities accessible to and usable by physically disabled persons, and have failed to make their programs, services, and activities readily accessible to disabled persons, all  in violation of California Government Code §11135 *et seq,* which states:

> §11135.     Programs or activities funded by state; discrimination on basis of ethnic group identification, religion, age, sex, color, or disability; federal act; definition
>
> No person in the State of California shall, on the basis of ethnic group identification, religion, age, sex, color, or disability, be unlawfully denied the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is funded directly by the state or receives any financial assistance from the state.
>
> With respect to discrimination on the basis of disability, programs and activities subject to subdivision (a) shall meet the protections and prohibitions contained in Section 202 of the Americans With Disabilities Act of 1990 (42 U.S.C. Sec. 12132), and the federal rules and regulations adopted in implementation thereof, except that if the laws of this state prescribe stronger protections and prohibitions, the programs and activities subject to subdivision (a) shall be subject to the stronger protections and prohibitions.

28.     Mr. Skaff has no adequate remedy at law, and unless the relief requested herein is granted, Mr. Skaff and other disabled persons will suffer irreparable harm in that they will continue to be discriminated against and denied access to the City of Corte Madera  as complained of herein.  Further, Mr. Skaff suffered damages, and continues to suffer damages as the result of denial of his Civil Rights and failure of Defendants to remove barriers to access and failure to comply with federal and state disabled access laws and regulations.  Because Mr. Skaff seeks improvement of access for physically disabled  persons, which will benefit a significant portion of the public, Mr. Skaff seeks attorney's fees, litigation

expenses and costs pursuant to §1021.5 California Code of Civil Procedure, as to this cause of action and as to all causes of action in this complaint which seek injunctive relief.

WHEREFORE, Mr. Skaff prays that this court grant relief as requested herein below.

**FOURTH CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA GOVERNMENT CODE §4450 *ET SEQ.***

29    Mr. Skaff  repleads and incorporates by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 28 of this complaint.

30.    Mr. Skaff is informed and believes and thereon alleges that the City of Corte Madera's  grounds and buildings, structures or related facilities are subject to California Government Code §§4450 and 4451.  Mr. Skaff is further informed and believes and thereon alleges that  Defendants  have constructed, altered, or repaired parts of the City of Corte Madera  and its curbs, sidewalks, walkways, paths of travel, parking, and related  facilities within the meaning of California Government Code §§4450 and 4451 since July 1, 1968, thereby requiring provision of access to persons with disabilities, as required by law.  Further, since January 1, 1982, construction or alterations by the City of Corte Madera  also triggered access requirements pursuant to Title 24 of the California Code of Regulations.

31.    The actions and inactions of the Defendants as herein alleged constitute a denial of access to and use of the City of Corte Madera  and its curbs, sidewalks, walkways, paths of travel, parking, and related facilities by physically disabled persons within the meaning of California Government Code §4450 *et seq.*  Mr. Skaff has no adequate remedy at law, and unless the relief requested herein is granted, Mr. Skaff will suffer irreparable harm as a result of Defendants' failure to fulfill their obligations to provide full and equal access to and in the City of Corte Madera  and its curbs, sidewalks. walkways, paths of travel, parking,  and related

1   facilities.  Mr. Skaff seeks injunctive relief, damages and recovery of reasonable

2   attorneys' fees and costs.

3       WHEREFORE, Mr. Skaff prays that this court grant relief as requested herein

4   below.

5

6   **FIFTH CAUSE OF ACTION:**
    **VIOLATION OF CALIFORNIA CIVIL CODE §§54 AND 54.1**

7       32.   Mr. Skaff repleads and incorporates by reference as if fully set forth

8   herein the allegations contained in Paragraphs 1 through 31 of this complaint.

9       33.   Pursuant to the authority delegated by Government Code §4450, *et*

10  *seq.*, the State Architect promulgated regulations for the enforcement of these

11  provisions.  Effective January 1, 1982, Title 24 of the California Administrative

12  Code adopted the California State Architect's Regulations and these regulations

13  must be complied with as to any construction, alterations, or modifications of the

14  City of Corte Madera  and its curbs, sidewalks, walkways,  paths of travel, parking,

15  and related facilities occurring after that date, and as to any modifications required

16  as a result of this lawsuit.  Construction or construction changes occurring prior to

17  this date but after July 1, 1968 triggered access requirements pursuant to the "ASA"

18  requirements, the American Standards Association Specifications, A117.1-1961.

19  At the time of the construction, modification, and alteration of the City of Corte

20  Madera  and its curbs, sidewalks, walkways, paths of travel, parking and related

21  facilities,  Title 24 of the California Administration Code requires  that the City of

22  Corte Madera  and  all such curbs, sidewalks, walkways,  paths of travel, parking,

23  and related  facilities  must conform to each of the standards and specifications

24  described in the California State Architect's Regulations.  On information and belief

25  Defendants performed such construction and alterations which triggered such access

26  requirements.

27      34.   At all times relevant to this complaint, California Civil Code §54 has

28

Complaint for Injunctive Relief And Damages

provided that "individuals with disabilities shall have the same right as the general public to the full and free use of.... public buildings, public facilities and other public places."

35.    At all times relevant to this action, California Civil Code §54.1 has provided that physically  disabled persons  are not to be discriminated against because of physical disability, in the use, *inter alia*,  of  a public accommodation. §54.1 California Civil Code provides that:

> ....physically disabled persons shall be entitled to  full and equal access, as other members of the general public, to accommodations, advantages, facilities and privileges of all common carriers, airplanes, motor  vehicles,...or any other public conveyances or modes of transportation, telephone facilities, hotels, lodging  places, places of public accommodation and amusement or resort, and other places to which the general public is invited, subject only to the conditions or limitations established by law, or state or federal regulations, and applicable alike to all other persons.

36.    Further, effective January 1, 1997, any violation of the Americans With Disabilities Act of 1990, (as pled in the First Cause of Action herein above, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes  a violation  of §54(c) and §54.1(d) California Civil Code, thus independently justifying an award of damages and injunctive relief pursuant to California law.  Mr. Skaff alleges that he has been denied such full and equal access during the six (6) months preceding the filing of his public entity claim and continuing  on a daily basis thereafter.

37.    California Civil Code §54.3 provides that any  person or corporation who denies or interferes with admittance to or enjoyment of the public facilities as specified in §54 and §54.1 or otherwise interferes with the rights of an individual with a disability is liable for each offense for the actual damages and any amount as may be determined by a court or jury up to a maximum of three times the amount of actual damages but in no case less than $1,000, and such attorneys' fees that may be determined by the Court in addition thereto, suffered by any person denied any

1  of the rights provided in §54 and §54.1.

2       38.     As the result of Defendants' failure to provide full and equal access to

3  persons with disabilities such as Mr. Skaff, he was denied his rights to full and

4  equal access to and in the City of Corte Madera and its curbs, sidewalks, walkways,

5  paths of travel, and related facilities, in violation of §§54 and 54.1 California Civil

6  Code, and suffered damages thereby, and as herein above described. Mr. Skaff is

7  entitled to the relief and remedies of §54.3 Civil Code, including damages, treble

8  damages, and attorneys' fees, litigation expenses and costs.

9       39.     Attorneys' Fees - As a result of Defendants' acts and omissions as

10  above described, Mr. Skaff has been required to incur legal expenses and hire

11  attorneys in order to enforce his rights and enforce provisions of the law protecting

12  access for persons with disabilities and prohibiting discrimination against the

13  disabled, and to take such action both in his own interest and in order to enforce an

14  important right affecting the public interest. Mr. Skaff therefore seeks recovery of

15  all reasonable attorneys' fees, litigation expenses, and costs incurred, pursuant to

16  the provisions of §1021.5 of the California Code of Civil Procedure and §54.3 of

17  the California Civil Code.

18       WHEREFORE, Mr. Skaff prays that this court grant relief as requested herein

19  below.

20                          **PRAYER FOR RELIEF**

21       WHEREFORE, Mr. Skaff prays that this Court:

22       1.     Declare that the facilities under the jurisdiction of the City of

23  Corte Madera , including its curbs, sidewalks, walkways, paths of travel, parking,

24  and related facilities have been and continue to be constructed, altered, and /or

25  maintained in a manner which discriminates against Mr. Skaff and which fails to

26  provide program access for persons with disabilities as required by law.

27       2.     Issue an order and judgment enjoining Defendants from

28

Complaint for Injunctive Relief And Damages                    17

violating Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act of 1973,section 54 of the California Civil Code, section 4450 of the California Government Code, section 11135 of the California Government Code, section 19955ff of the California Health And Safety Code, and all related Codes and Regulations.

3.      Issue a preliminary and permanent injunction directing that Defendants 1) modify the City of Corte Madera curbs, sidewalks, walkways, paths of travel, parking and  related facilities so that each provide full and equal access to all citizens, including persons with disabilities and 2) remove all barriers to access in the City of Corte Madera with respect to its curbs, sidewalks, walkways, paths of travel, parking and related facilities  and take all actions necessary to ensure that the City of Corte Madera and its curbs, sidewalks, walkways, paths of travel, parking and related facilities comply with all federal and state disabled access laws and regulations for persons such as Mr. Skaff who require the use of wheelchairs for mobility.

4.      Retain jurisdiction over Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and will not recur;

5.      Award to Mr. Skaff all appropriate damages, including but not limited to statutory damages, general damages and special damages in an amount within the jurisdiction of the  Court, according to proof;

6.      Award to Mr. Skaff all litigation expenses and costs of this proceeding, and all reasonable attorneys' fees as provided by law; and

7.      Grant such other and further relief as this Court may deem just and proper.

//

Dated: 12/1/08

SIDNEY J. COHEN
PROFESSIONAL CORPORATION
/s/ Sidney J. Cohen

_____

Sidney J. Cohen
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: 12/1/08

SIDNEY J. COHEN
PROFESSIONAL CORPORATION
/s/ Sidney J. Cohen

_____

Sidney J. Cohen
Attorney for Plaintiff