JEFFREY A. WALTER, CBN 63626
JOHN A. ABACI, CBN 166493
WALTER & PISTOLE
670 West Napa Street, Suite "F"
Sonoma, CA 95476
Telephone: (707) 996-9690
Fax: (707) 996-9603

Attorneys for Defendant, Town of Corte Madera

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SKAFF,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CITY OF CORTE MADERA, and DOES 1-20, Inclusive,<br><br>　　　　Defendants. | Case No. C 08-05407 SBA<br><br>ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL OF DEFENDANT TOWN OF CORTE MADERA |

　　　Defendant TOWN OF CORTE MADERA ("Town") hereby requests a jury trial in the above-captioned matter and answers the plaintiff's complaint on file in the same order of paragraphs as set forth by the plaintiff's complaint and alleges as follows:

　　　1.　Answering the first paragraph of plaintiff's complaint, the Town specifically admits the allegation that it is a local public entity. Except as to those allegations expressly admitted, the Town denies each and every allegation stated either expressly or by implication in the first paragraph of plaintiff's complaint.

　　　2.　Answering the second paragraph of plaintiff's complaint, the Town lacks sufficient information or knowledge to form a belief as to the truth of the allegations that the plaintiff is a person with a disability or a physically handicapped person who requires the use of a wheelchair for locomotion and is unable to use portions of public facilities which are not accessible to

disabled persons who require the use of a wheelchair, and on that basis denies each of these allegations. Except as to those allegations expressly denied upon lack of information and belief, the Town denies all allegations stated either expressly or by implication by this paragraph.

3. Answering the third paragraph of plaintiff's complaint, Town denies each and every allegation stated either expressly or by implication by this paragraph.

4. Answering the fourth paragraph of plaintiff's complaint, Town specifically admits that this Court has jurisdiction over federal causes of action stated by the Americans with Disabilities Act of 1990 and the Rehabilitation Act and that venue is proper in this Court. The Town specifically denies that this Court has jurisdiction over each and every one of the plaintiff's state law claims. Except as to those allegations expressly admitted, the Town denies each and every allegation stated either expressly or by implication by this paragraph.

5. Answering the fifth paragraph of plaintiff's complaint, Town denies each and every allegation stated either expressly or by implication.

6. Answering the sixth paragraph of plaintiff's complaint, Town lacks sufficient information or knowledge to form a belief that the plaintiff is a physically disabled individual qualified to assert a claim under California law or under federal law and that the plaintiff requires the use of a wheelchair for mobility, and on that basis denies each of these allegations. Except as to those allegations expressly denied upon lack of information and belief, Town denies all allegations stated either expressly or by implication by this paragraph.

7. Answering the seventh paragraph of plaintiff's complaint, Town specifically admits that it is a public entity which is subject to Title II of the Americans with Disabilities Act of 1990 and the Rehabilitation Act of 1973. Town lacks sufficient information or knowledge to form a belief as to it being subject to Government Code Section 4450ff, as this subsection does not exist, and on this basis denies this allegation. Town lacks sufficient information or knowledge to form a belief as to what is specifically meant by "curbs, sidewalks, walkways, paths of travel, and parking which are the subject of this lawsuit," and denies each and every allegation stated by the fourth sentence of this paragraph on that basis. Except as to those allegations expressly admitted or denied upon lack of information and belief, Town denies all allegations stated either expressly

or by implication by this paragraph.

8. Answering the eighth paragraph of the plaintiff's complaint, Town lacks sufficient information or knowledge to form a belief as to the plaintiff's knowledge of the identities of "Does" or the relative responsibilities of the named defendant or "Does" in this action in the ownership and operation of the curbs, sidewalks, walkways, paths of travel and parking complained of, and on this basis denies each and every one of these allegations. Except as to those allegations expressly denied upon lack of information and belief, Town denies all allegations stated either expressly or by implication by this paragraph.

9. Answering the ninth paragraph of the plaintiff's complaint, Town specifically admits that the plaintiff made a claim for damages to the Town on August 18, 2008, which was rejected in part and returned to the claimant in part on October 17, 2008. Except as to those allegations expressly admitted in this paragraph, the Town denies each and every allegation stated either expressly or by implication by this paragraph.

10. Answering the tenth paragraph of the plaintiff's complaint, Town lacks sufficient information or knowledge to form a belief as to whether the plaintiff is a physically disabled person who requires the use of a wheelchair for mobility, and on this basis denies each and every one of these allegations. Except as to those allegations expressly denied upon lack or information and belief, Town denies each and every allegation stated either expressly or by implication by this paragraph.

11. Answering the eleventh paragraph of plaintiff's complaint, Town denies each and every allegation stated either expressly or by implication by this paragraph.

12. Answering the twelfth paragraph of plaintiff's complaint, the Town incorporates by reference each and every one of its answers to paragraphs 1-11 set forth above as if fully restated at this place.

13. Answering the thirteenth paragraph of plaintiff's complaint, Town specifically admits that 42 USC Section 12132 provides that subject to the provisions of Subchapter II (which include regulations established under Title II of the ADA) no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the

benefits of the services, programs or activities of a public entity or discriminated against by any public entity and specifically admits that the Town is a public entity. The Town lacks information or knowledge to form a belief as to the defendant being a qualified individual with a disability under the ADA or that he is/was entitled to the protections of Title II of the ADA. Except as to those allegations expressly admitted or denied upon lack of information and belief, the Town denies each and every remaining allegation stated either expressly or by implication by this paragraph.

14. Answering the fourteenth paragraph of the plaintiff's complaint, the Town specifically admits that 28 C.F.R. Section 35.130(b)(3)(i) and (ii) reads as set forth by this paragraph. Except as to those allegations expressly admitted, the Town denies each and every allegation stated expressly or by implication by this paragraph.

15. Answering the fifteenth paragraph of the plaintiff's complaint, the Town denies each and every allegation stated expressly or by implication by this paragraph.

16. The Town denies each and every allegation stated either expressly or by implication in paragraph 16 of the plaintiff's complaint.

17. The Town denies each and every allegation stated either expressly or by implication in paragraph 17 of the plaintiff's complaint.

18. The Town denies each and every allegation stated either expressly or by implication in paragraph 18 of the plaintiff's complaint.

19. Answering the nineteenth paragraph of plaintiff's complaint, the Town incorporates by reference each and every one of its answers to paragraphs 1-18 set forth above as if fully restated at this place.

20. Answering the twentieth paragraph of plaintiff's complaint, Town specifically admits that it is a municipality existing under the laws of the State of California. Except as to those allegations expressly admitted, the Town denies each and every allegation either stated expressly or by implication by this paragraph.

21. The Town denies each and every allegation stated either expressly or by implication in paragraph 21 of the plaintiff's complaint.

22. The Town denies each and every allegation stated either expressly or by implication in paragraph 22 of the plaintiff's complaint.

23. The Town denies each and every allegation stated either expressly or by implication in paragraph 23 of the plaintiff's complaint.

24. The Town denies each and every allegation stated either expressly or by implication in paragraph 24 of the plaintiff's complaint.

25. Answering the twenty-fifth paragraph of plaintiff's complaint, the Town incorporates by reference each and every one of its answers to paragraphs 1-24 set forth above as if fully restated at this place.

26. The Town denies each and every allegation stated either expressly or by implication in paragraph 26 of the plaintiff's complaint.

27. The Town denies each and every allegation stated either expressly or by implication in paragraph 27 of the plaintiff's complaint.

28. The Town denies each and every allegation stated either expressly or by implication in paragraph 28 of the plaintiff's complaint.

29. Answering the twenty-ninth paragraph of plaintiff's complaint, the Town incorporates by reference each and every one of its answers to paragraphs 1-28 set forth above as if fully restated at this place.

30. The Town denies each and every allegation stated either expressly or by implication in paragraph 30 of the plaintiff's complaint.

31. The Town denies each and every allegation stated either expressly or by implication in paragraph 31 of the plaintiff's complaint.

32. Answering the thirty-second paragraph of plaintiff's complaint, the Town incorporates by reference each and every one of its answers to paragraphs 1-31 set forth above as if fully restated at this place.

33. The Town denies each and every allegation stated either expressly or by implication in Paragraph 33 of the plaintiff's complaint.

34. Answering the thirty-fourth paragraph of plaintiff's complaint, the Town specifically

admits that this paragraph restates a portion of Section 54 of the Civil Code. Except as to those allegations specifically admitted, the Town denies each and every allegation stated either expressly or by implication by this paragraph.

35. Answering the thirty-fifth paragraph of plaintiff's complaint, the Town specifically admits that Section 54.1 of the Civil Code provides that individuals with disabilities are entitled to full and equal access as other members of the public to accommodations and places of public accommodation subject to conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons. Except as to those allegations specifically admitted, the Town denies each and every allegation stated either expressly or by implication by this paragraph.

36. The Town denies each and every allegation stated either expressly or by implication in paragraph 36 of the plaintiff's complaint.

37. Answering the thirty-seventh paragraph of plaintiff's complaint, the Town admits the allegations stated by this paragraph with the following exception: the Town denies that Civil Code Section 54.3 provides that interference with the rights of a disabled individual may state a violation of this section without such interference also constituting a violation of Civil Code Section 54, 54.1 or 54.2.

38. The Town denies each and every allegation stated either expressly or by implication in paragraph 38 of the plaintiff's complaint.

39. The Town denies each and every allegation stated either expressly or by implication in paragraph 39 of the plaintiff's complaint.

The Town asserts each of the following as separate and distinct affirmative defenses to the plaintiff's complaint:

### FIRST AFFIRMATIVE DEFENSE

As a separate, distinct affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering defendant alleges that the complaint, and each and every cause of action and/or claim for relief thereof fails to state facts sufficient to

constitute a cause of action and/or claim for relief against this answering defendant.

## SECOND AFFIRMATIVE DEFENSE

As a separate, distinct affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering defendant alleges that the complaint, and each and every cause of action and/or claim for relief thereof, is barred by the applicable federal and state statutes of limitation, including but not limited to California Code of Civil Procedure sections 338(a) and (m), 335.1, and 340(a) and Government Code sections 911.2 and 945.6.

## THIRD AFFIRMATIVE DEFENSE

As a separate, distinct affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering defendant alleges that the complaint, and each and every cause of action and/or claim for relief thereof, is barred because the plaintiff voluntarily consented to and participated in the acts complained of, and/or failed to mitigate his damages, and said failure has proximately contributed to the events and damages alleged in his complaint.

## FOURTH AFFIRMATIVE DEFENSE

As a separate, distinct affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering defendant alleges that the plaintiff has not been damaged in any manner or at all by the acts and/or omissions complained of in the plaintiff's complaint.

## FIFTH AFFIRMATIVE DEFENSE

As a separate, distinct affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering defendant alleges that the plaintiff's claims are barred by the equitable doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

As a separate, distinct affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering defendant alleges that this plaintiff by reason of its own acts and/or omissions, has waived any claims, if any there be, as alleged therein.

## SEVENTH AFFIRMATIVE DEFENSE

As a separate, distinct affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering defendant alleges that the plaintiff's claims are barred by the equitable doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

As a separate, distinct affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering defendant alleges that the plaintiff's claims are barred by the doctrine of equitable estoppel based upon the actions of the plaintiff upon which the defendant has reasonably relied to its detriment.

## NINTH AFFIRMATIVE DEFENSE

As a separate, distinct affirmative defense to the complaint, and to each and every cause of action and/or claim for relief under state law thereof, this answering defendant alleges that this Court lacks supplemental jurisdiction over each and every one of plaintiff's state law claims on grounds set forth by 28 U.S.C. section 1367(c) including, but not necessarily limited to, the claims raise novel or complex issues of State law, the State law claims substantially predominate over claims over which the court has original jurisdiction, and there are exceptional circumstances which compel the court to decline jurisdiction.

## TENTH AFFIRMATIVE DEFENSE

As a separate, distinct affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering defendant alleges that the plaintiff is barred by the doctrine of res judicata.

## ELEVENTH AFFIRMATIVE DEFENSE

As a separate, distinct affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering defendant alleges that the plaintiff is barred by the doctrine of collateral estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

As a separate, distinct affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering defendant alleges that this plaintiff is

barred from seeking the relief sought in the complaint because this plaintiff has failed to exhaust all administrative remedies available to him prior to initiating this litigation.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a separate, distinct affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering defendant alleges that at all times referred to in the plaintiff's complaint, the Town acted in complete good faith and reasonably within the meaning of all statutes, doctrines, and judicial authorities, and as such, is entitled to immunity in connection with the acts complained of in the plaintiff's complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

As a separate, distinct affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering defendant alleges that it is not liable to plaintiff because making any accommodation or giving access to any service, program, or activity that is alleged by the plaintiff would have caused an undue administrative and/or financial burden and/or fundamentally alter the nature of the service, program, or activity that was being provided by the Town.

### FIFTEENTH AFFIRMATIVE DEFENSE

As a separate, distinct affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering defendant alleges that the statutes, laws, rules, and regulations under both state and federal law that are alleged by the plaintiff's complaint do not apply to this action, as none of the facilities complained of were built, altered, or modified subsequent to the dates that these statutes, laws, rules, and regulations became effective.

### SIXTEENTH AFFIRMATIVE DEFENSE

As a separate, distinct affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering defendant alleges that the plaintiff's claims are barred by preemption.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As a separate, distinct affirmative defense to the complaint, and to each and every cause

of action and/or claim for relief thereof, this answering defendant alleges that the plaintiff is not entitled to damages because this defendant has not committed any intentional violation that would entitle the plaintiff to damages for any violation that is complained of.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As a separate, distinct affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering defendant alleges that the plaintiff is not entitled to any relief being sought because the facilities complained of by the plaintiff cannot strictly comply with applicable standards due to technical infeasibility.

### NINETEENTH AFFIRMATIVE DEFENSE

As a separate, distinct affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering defendant alleges that plaintiff was itself partially or completely at fault and any relief to be granted should be apportioned by the proportion of fault of the plaintiff in the acts and conditions complained of.

### TWENTIETH AFFIRMATIVE DEFENSE

As a separate, distinct affirmative defense to the complaint, and to each and every cause of action and/or claim for relief under state law thereof, this answering defendant alleges that any government claim alleged to have been filed with the defendant by the plaintiff did not reflect the claims being made by the plaintiff in this lawsuit.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

As a separate, distinct affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering defendant alleges that plaintiff is barred from any relief that he is seeking because he is a vexatious litigant.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

As a separate, distinct affirmative defense to the complaint, and to each and every cause of action and/or claim for relief under state law thereof, this answering defendant alleges that the complaint is barred by the immunities contained within the California Government Claims Act (California Government Code sections 814, et seq.), including, but not limited to, Section 820.2 as all acts complained of were discretionary acts within the meaning of said statute.

TWENTY-THIRD AFFIRMATIVE DEFENSE

As a separate, distinct affirmative defense to the complaint, and to each and every cause of action and/or claim for relief under state law thereof, this answering defendant alleges that this complaint is barred because plaintiff has failed to comply with the Government Claims Act by failing to make application for leave to file a late claim pursuant to Government Code section 911.4 or seeking relief under Government Code section 946.6 prior to filing this lawsuit, and by failing to allege the making thereof by this complaint.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

As a separate, distinct affirmative defense to the complaint, and to each and every cause of action and/or claim for relief under state law thereof, this answering defendant alleges that the plaintiff failed and neglected to use reasonable care, caution or prudence to avoid the happenings of the alleged harm, to protect himself, and to minimize the losses and damages complained of, if any there were.

TWENTY-FIFTH AFFIRMATIVE DEFENSE

As a separate, distinct affirmative defense to the complaint, and to each and every cause of action and/or claim for relief under state law thereof, this answering defendant alleges that the damages allegedly sustained by the plaintiff were caused or contributed to by the intentional or negligent acts and/or omissions of persons or entities other than this answering defendant, including the plaintiff himself. In the event that any fault of this answering defendant is found to have contributed to any such damages, the plaintiff's recovery, if any, from any such defendant is limited to that percentage of the plaintiff's damages equal to the percentage by which said defendants' fault contributed to said damages.

TWENTY-SIXTH AFFIRMATIVE DEFENSE

As a separate, distinct affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering defendant alleges that the plaintiff had full knowledge of any and all dangers and risks involved in his course of conduct as referred to in the plaintiff's complaint, and the plaintiff knowingly, willfully, intentionally, freely and voluntarily consented to and accepted any and all such risks and dangers prior to commencing

said conduct; that any and all damages, if any, sustained by the plaintiff were directly and proximately caused by the plaintiff's voluntary assumption of all risks as aforesaid, and as such, recovery for such damages is barred.

TWENTY-SEVENTH AFFIRMATIVE DEFENSE

As a separate, distinct affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering defendant alleges that the plaintiff by reason of its own acts and/or omissions was contributorily negligent in the acts and/or omissions that plaintiff has complained of in his complaint, and any award that may be made should be reduced by the degree of plaintiff's fault or should be nullified in its entirety.

TWENTY-EIGHTH AFFIRMATIVE DEFENSE

As a separate, distinct affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering defendant alleges that the plaintiff is not entitled to injunctive relief for violations that have been remedied and is barred by the doctrine of mootness from such relief being sought.

TWENTY-NINTH AFFIRMATIVE DEFENSE

As a separate, distinct affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering defendant alleges that the plaintiff's claims are not ripe on the basis that the applicable legal standards, including but not necessarily limited to ADAAG Guidelines for public rights-of-way, for violations being claimed have not yet been established, and on this basis the Town cannot have acted or be acting in violation thereof.

THIRTIETH AFFIRMATIVE DEFENSE

As a separate, distinct affirmative defense to the complaint, and to each and every cause of action and/or claim for relief thereof, this answering defendant alleges that the plaintiff is not entitled to the relief being sought because the Town has adopted a Transition Plan and/or Self-Evaluation Plan and/or established an administrative procedure that addresses the violations being complained of.

/ / /   / / /

## PRAYER

WHEREFORE, defendant, TOWN OF CORTE MADERA prays as follows:

1. That the plaintiff take nothing by reason of its complaint, that judgment be rendered in favor of the answering defendant;

2. That the answering defendant be awarded its attorneys' fees and costs of suit.

3. For such other relief as the Court deems proper.

DATED: January 5, 2009                    WALTER & PISTOLE

By: _____
John A. Abaci, Attorneys for Defendant,
Town of Corte Madera

DEFENDANT TOWN OF CORTE MADERA'S ANSWER
TO COMPLAINT AND DEMAND FOR JURY TRIAL                          13

