IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SKAFF | No. C 08-5407-SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket No. 17] |
| CITY OF CORTE MADERA and DOES 1-20, Inclusive, | |
| Defendants. | |

This matter is before the Court on Defendant Town of Corte Madera's motion for partial judgment on the pleadings pursuant to Federal Rules of Civil Procedure Rule 12(c). Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing. L.R. 7-1(b). IT IS HEREBY ORDERED that Defendant's motion for judgment on the pleadings is GRANTED.

**INTRODUCTION**

Plaintiff is a single individual with a mobility disability who seeks damages, injunctive relief, and attorneys' fees under Title II of the ADA against Defendant for denial of disabled access to unspecified "curbs, sidewalks, walkways, paths of travel, parking, and related facilities" in the Town of Corte Madera and a "systemic pattern and practice of discrimination" by the Town of Corte Madera. Most pertinent to this motion, Plaintiff alleges in his First Cause of Action that the Town's failure to have a curb ramp schedule in its Transition Plan or comply with a curb ramp schedule in its Transition Plan "*constitutes unlawful discrimination in violation of Title II of the ADA and ...warrants an injunction by this court.*" (Emphasis added). Thus, Plaintiff alleges a cause of action under the ADA for violation of 28 C.F.R. 35.150(d)(2) and/or failure to adhere to a transition plan adopted under 28 C.F.R. 35.150(d)(2) and claims a separate form of injunctive relief for a violation of this regulation. Plaintiff asserts several federal and state causes of action and prays for an injunction to 1) enjoin the Town from violating Title II of the ADA; 2) direct that the Town modify

1  the curbs, sidewalks, walkways, paths of travel, parking, and related facilities to provide full and

2  equal access under Title II of the ADA; 3) direct that the Town remove all barriers to access for

3  persons with mobility disabilities and take all steps necessary to ensure compliance with state and

4  federal disabled access regulations applicable to persons in wheelchairs; and 4) order that the Town

5  *develop and implement a self-evaluation and transition plan, and/or timely adhere to any existing*

6  *self-evaluation and transition plan for removal of barriers to access.*  Plaintiff also prays for

7  damages and attorneys' fees.

8        Defendant moves for judgment on the pleadings as to all claims being made for compliance

9  with the transition plan and self-evaluation plan regulations and for compliance of the Town with its

10  own transition plan and self-evaluation plan.  Defendant also moves for judgment on the pleadings

11  contending that the Plaintiff has no private right of action to enforce regulations requiring the

12  Defendant to develop either a self-evaluation or transition plan under the regulatory scheme of the

13  ADA because such regulations impose a burden upon the Town that is not imposed by statutory law

14  under Title II of the ADA.  Town also moves for judgment on the pleadings contending that the

15  Plaintiff has no right of action to enforce the Town's compliance with its own transition plan and

16  self-evaluation plan, as these claims have no basis under Title II of the ADA.

17  **BACKGROUND**

18        The issue in the Town's motion is Plaintiff's allegation that Defendant has violated the ADA

19  by failing to adopt an adequate self-evaluation plan and transition plan or failing to comply with a

20  self-evaluation plan and transition plan adopted by the Town.  The Plaintiff seeks to enforce a

21  regulation that requires public entities to develop a transition plan that sets forth the steps necessary

22  to complete necessary structural changes to facilities in order to achieve program accessibility

23  within six months of January 1992, to identify physical obstacles in facilities that limit accessibility

24  of its programs or activities, to describe in detail the methods to be used to make said facilities

25  accessible, and to specify the schedule for taking such remedial steps. (See C.F.R. section

26  35.150(d)).  The Plaintiff pairs the self-evaluation plan requirement with the transition plan

27  regulation.  However, the self-evaluation plan of a public entity is addressed by a separate regulation

28  which requires public entities to conduct a self-evaluation plan for all of its current services,

2

1  policies, and practices and to proceed to make necessary modifications within one year of the

2  effective date of the regulation. (See C.F.R. section 35.105).

3  **LEGAL STANDARD**

4  The standard applied in ruling on a Rule 12(c) motion is that judgment on the pleadings is

5  appropriate when, even if all material facts in the pleading under attack are true, the moving party is

6  entitled to judgment as a matter of law. (*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896

7  F.2d 1542, 1550 (9th Cir. 1989). Judgment may not be granted "unless it appears beyond a doubt

8  that the [non-moving] party cannot prove any facts that would support his claim for relief." *(R.J.*

9  *Corman Derailment Services, LLC v. International Union of Operating Engineers*, 335 F.3d 643,

10 647 (7th Cir. 2003).) Since a Rule 12(c) motion is filed after the close of the pleadings, there is no

11 right to amend the pleading under attack as a matter of course.

12 **DISCUSSION**

13 The Plaintiff has no private right of action to enforce the transition plan and self-evaluation

14 plan regulations because they impose obligations beyond that which is imposed by the ADA

15 statutory mandate. On June 26, 2009, the Ninth Circuit held, in *Lonberg v. City of Riverside*, 2009

16 WL 1813526 (9th Cir. 2009) that "28 C.F.R. § 35.150(d) is not enforceable through the private right

17 of action under § 202 of Title II, 42 U.S.C. § 12132," and reversed and vacated the lower court's

18 decision in the plaintiff's favor. The Ninth Circuit ruling is in accord with the First and Sixth

19 Circuit Court of Appeals. *See Iverson v. City of Boston*, 452 F.3d 94 (1st Cir. 2006); *Ability Center of*

20 *Greater Toledo v. City of Sandusky*, 385 F.3d 901, 914 (6th Cir. 2004)). Additionally, three courts

21 (including this court) have also ruled that a private party may not sue a public agency to enforce

22 compliance with the transition plan or self-evaluation plan regulation. (See *Californians for*

23 *Disability Rights, Inc. ("CDR") v. California Department of Transportation ("Caltrans")* 249

24 F.R.D. 334 (N.D. Cal. 2008); *Cherry v. City College of San Francisco* 2005 WL 2620560 (N.D. Cal.

25 2005); *Chasse v. Humphreys* 2008 WL 4846208 (D. Or. 2008)).

26 In light of *Lonberg*, the plaintiff does not have a right to enforce the transition plan and self-

27 evaluation plan regulations of 28 C.F.R. § 35.150(d). Similarly, the Plaintiff may not maintain a

28 private right of action to enforce the terms of the transition plan and self-evaluation plan adopted by

1  the Town.  As there is no private right of action to enforce the regulations themselves, plaintiff has

2  no arguable basis for claiming a private right to enforce a transition plan or self-evaluation plan that

3  has been adopted pursuant to these regulations.

4                                              **CONCLUSION**

5          Based on the foregoing, the Court enters partial judgment on the pleadings in this action.

6  The Court enters final judgment for the Town on all claims seeking to enforce the transition plan and

7  self-evaluation plan regulations or to enforce adherence with the transition plan and self-evaluation

8  plan adopted by the Town.  The Court enters final judgment that Plaintiff has no private right of

9  action to enforce either the self-evaluation or transition plan regulations under the regulatory scheme

10  of the ADA because these regulations impose a broader scope of obligations than the statute itself.

11         The Court makes the following FINDINGS and ORDERS:

12         1.  The Court enters JUDGMENT for Defendant on all claims seeking to enforce the

13  transition plan and self-evaluation plan regulations of the ADA.

14         2.  The Court enters JUDGMENT for Defendant on all claims seeking to enforce adherence

15  to the Town's transition plan and self-evaluation plan adopted under the authority of the transition

16  plan and self-evaluation plan regulations of the ADA.

17         3.  The Court enters JUDGMENT as a matter of law that no private right of action exists to

18  enforce the transition plan and self-evaluation plan regulations or adherence to the transition plan

19  and self-evaluation adopted under the authority of these regulations.

20         4.  All of the Plaintiff's claims seeking enforcement of the transition plan and self-evaluation

21  plan regulations of the ADA are dismissed with prejudice.

22         5.  All of the Plaintiff's claims seeking to enforce adherence to the Town's transition plan

23  and self-evaluation plan adopted under the authority of the transition plan and self-evaluation plan

24  regulations of the ADA are dismissed with prejudice.

25         **IT IS SO ORDERED.**

26  Dated: 7/10/09                                          _Saundra B Armstrong_

27                                                          Saundra Brown Armstrong
                                                            United States District Judge
28

4