SIDNEY J. COHEN, Esq., State Bar No. 39023
SIDNEY J. COHEN PROFESSIONAL CORPORATION
427 Grand Avenue
Oakland, CA 94610
Telephone: (510) 893-6682

Attorneys for Plaintiff
Richard Skaff

JEFFREY A. WALTER CBN 63626
JOHN A. ABACI CBN 166493
WALTER & PISTOLE
670 West Napa Street, Suite "F"
Sonoma, CA 95476
Telephone: (707) 996-9690
Fax: (707) 996-9603

Attorneys for Defendant
Town Of Corte Madera

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SKAFF<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF CORTE MADERA and DOES 1 through 20, Inclusive,<br><br>    Defendants.<br>_____ / | CASE NO. C 08-05407 SBA<br><u>Civil Rights</u><br><br>Case No. C08-05407 SBA<br><br>**STIPULATION AND ORDER FOR ENLARGEMENT OF TIME TO CONDUCT MEDIATION AND DECLARATION IN SUPPORT THEREOF**<br><br>**(Local Rule 6-2)** |

# STIPULATION

Plaintiff RICHARD SKAFF, by and through his attorney, and Defendant TOWN OF CORTE MADERA, by and through its attorneys, stipulate to an extension of time to November 30, 2009 to conduct the Alternative Dispute Resolution mediation in this case and, for the reasons stated in the declaration of Sidney J. Cohen set forth below, request that the Court order an extension to the November 30, 2009 date.

Date: 9/14/09

SIDNEY J. COHEN
PROFESSIONAL CORPORATION

/s/ Sidney J. Cohen

SIDNEY J. COHEN
Attorney for Plaintiff Richard Skaff

Date: 9/14/09

WALTER & PISTOLE

/s/ John A. Abaci

JOHN A. ABACI
Attorneys for Defendant
Town of Corte Madera

# DECLARATION OF SIDNEY J. COHEN

I, Sidney J. Cohen, declare as follows:

1. I am counsel for Plaintiff Richard Skaff in this action. I am an attorney in good standing and licensed to practice in the courts of California, in the United States District Courts for the Northern, Eastern, and Central Districts, in the United States Court of Appeals for the Ninth Circuit, and in the United States Supreme Court. If called upon to testify, I would testify as follows:

2. By Court Order dated July 29, 2009 (see Docket entry 30), the Court extended the time for the parties to conduct the Alternative Dispute Resolution mediation in this case to September 30, 2009.

3. Following the Court's July 29, 2009 Order, the parties, the parties' counsel, the parties' representatives, the parties' expert consultants, and the

mediator agreed to a mediation date of September 9, 2009, and on July 31, 2009 the mediator, Daniel Bowling, reset the mediation to September 9, 2009 [see 07/31/2009 Docket entry].

4. On August 25, 2009 Plaintiff Richard Skaff advised me that a family medical emergency would require him to travel to Boise, Idaho and that the medical prognosis of the family member in Boise, Ralph Bradshaw, who was in the hospital in intensive care with a severe heart condition, would prevent Mr. Skaff from attending the scheduled September 9, 2009 mediation.

6. During the period August 25 through September 3 I, Defendant's attorney John Abaci , and mediator Daniel Bowling communicated on numerous occasions with each other by telephone and e mail regarding available dates for the mediation, and I and Mr. Abaci communicated with our clients, consultants and representatives, who need to attend the mediation, for available dates. Based on those communications, we learned 1) that there were no dates available in either September or October of 2009 that the mediator, all parties, all counsel, all representatives, and all consultants could attend a mediation and 2) that November 2, 2009 is the first date that the mediator, all parties, all counsel, all representatives, and all consultants could attend a mediation.

7. On September 3, 2009 mediator Daniel Bowling reset the mediation to November 2, 2009 (see 09/03/2009 docket entry)..

8. The parties, their attorneys, and Mr. Bowling expect that they will be able to complete the mediation process by November 30, 2009.

9. As set forth in paragraph 2, supra and at Docket entry 30,one modification has previously been made to the deadlines imposed by statute, rule of court, or by the Court in this Action. In addition, by stipulated agreement Defendant supplemented initial disclosures within 2 weeks of receipt of Plaintiff's initial disclosures.

10. With the exception of the September 30, 2009 mediation deadline that is the subject of this request for an extension, the extension of the September 30 2009 deadline to November 30, 2009 to complete the mediation process will not have an effect on any time lines or deadlines established by the Court in this Action.

11. For the reasons stated above, the parties are by this stipulation request requesting that the Court extend the mediation date deadline from September 30, 2009 to November 30, 2009.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 14, 2009 in the City of Oakland, California.

/s/Sidney J. Cohen

_____
Sidney J. Cohen

**ORDER ENLARGING TIME TO CONDUCT MEDIATION**

1. Upon the stipulated request made by the parties in this Action, the Court finds good cause to continue the mediation deadline previously established by this Court.

2. The Court orders that the date by which the parties shall conduct mediation with a court-appointed mediator be extended from September 30, 2009 to November 30, 2009.

Date: 9/15/09

_____
SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE

STIPULATION AND [PROPOSED] ORDER FOR ENLARGEMENT
OF TIME AND DECLARATION IN SUPPORT THEREOF           4