SIDNEY J. COHEN, Esq., State Bar No. 39023
SIDNEY J. COHEN PROFESSIONAL CORPORATION
427 Grand Avenue
Oakland, CA 94610
Telephone: (510) 893-6682

Attorneys for Plaintiff
Richard Skaff

JEFFREY A. WALTER CBN 63626
JOHN A. ABACI CBN 166493
WALTER & PISTOLE
670 West Napa Street, Suite "F"
Sonoma, CA 95476
Telephone: (707) 996-9690
Fax: (707) 996-9603

Attorneys for Defendant
Town Of Corte Madera

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SKAFF<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF CORTE MADERA and DOES 1 through 20, Inclusive,<br><br>    Defendants.<br>_____/ | CASE NO. C 08-05407 SBA<br><u>Civil Rights</u><br><br>**Case No. C08-05407 SBA**<br><br>**STIPULATION AND ORDER FOR ENLARGEMENT OF TIME TO MARCH 31, 2010 TO CONDUCT MEDIATION, AND DECLARATION IN SUPPORT THEREOF**<br><br>**(Local Rule 6-2)** |

STIPULATION AND [PROPOSED] ORDER FOR ENLARGEMENT
OF TIME AND DECLARATION IN SUPPORT THEREOF                    1

# STIPULATION

Plaintiff RICHARD SKAFF, by and through his attorney, and Defendant TOWN OF CORTE MADERA, by and through its attorneys, stipulate to an extension of time to March 31, 2010 to conduct the Alternative Dispute Resolution mediation in this case and, for the reasons stated in the declaration of Sidney J. Cohen set forth below, request that the Court order an extension to the March 31, 2010 date.

Date: 1/29/10              SIDNEY J. COHEN
                           PROFESSIONAL CORPORATION

                           /s/ Sidney J. Cohen
                           _____
                           SIDNEY J. COHEN
                           Attorney for Plaintiff Richard Skaff

Date: 1/28/10              WALTER & PISTOLE

                           /s/ John A. Abaci
                           _____
                           JOHN A. ABACI
                           Attorneys for Defendant
                           Town of Corte Madera

# DECLARATION OF SIDNEY J. COHEN

I, Sidney J. Cohen, declare as follows:

1. I am counsel for Plaintiff Richard Skaff in this action. I am an attorney in good standing and licensed to practice in the courts of California, in the United States District Courts for the Northern, Eastern, and Central Districts, in the United States Court of Appeals for the Ninth Circuit, and in the United States Supreme Court. If called upon to testify, I would testify as follows:

2. By Court Order dated December 28, 2009 (see Docket entry 35), the Court extended the time for the parties to complete the Alternative Dispute Resolution mediation in this case to January 31, 2010.

3. On January 14, 2010 the parties, the parties' counsel, the parties'

1 representatives, the parties' expert consultants, and mediator Daniel Bowling attended their second all day mediation in the case (see Docket entry 36).

4. Although the parties made significant progress at the mediation, they were not able to reach agreement on the injunctive relief aspect of the case and, with agreement of all in attendance, mediator Daniel Bowling scheduled a third mediation session for January 25, 2010 (see Docket entry 36).

5. Early on Monday morning, January 25, 2010 I picked up a voice mail message from Mr. Bowling advising that he was ill and would not be able to conduct the mediation. I immediately advised my client and expert consultant that the mediation would not take place, and also communicated Mr. Bowling's message to John A. Abaci, counsel for defendant. The mediation did not take place, and I understand that Mr. Bowling, as of the January 28, 2010 date of this declaration, has remained ill and unable to return to work.

6. On January 27, 2010 Mr. Bowling sent an e mail from his home to me and Mr. Abaci providing possible dates to which to reschedule the canceled mediation session and asking that we convey to your Honor that we have made very good progress in the two mediation sessions that have taken place thus far, that this is an unusually complicated case, that he was ill on January 25, 2010, and that he concurs that additional time is needed to conduct the mediation.

7. I and Mr. Abaci are in the process of contacting our clients to obtain a date for the third mediation on which the parties, consultants, representatives, we, and Mr. Bowling all are available. Thus far, there are no such available dates in January or February, and we are still working on confirming a March date that is available. At this time, I expect that we will be able to schedule such a third mediation session to take place by no later than March 31, 2010.

8. Thus far, three modifications have been made to the deadlines imposed by statute, rule of court, or by the Court in this Action, all of which

involve enlargements of time to complete the mediation process. In addition, by stipulated agreement Defendant supplemented initial disclosures within 2 weeks of receipt of Plaintiff's initial disclosures.

9 With the exception of the January 31, 2010 mediation deadline that is the subject of this request for an extension, the extension of the January 31, 2010 deadline to March 31, 2010 to conduct a third mediation in the case does not effect any time lines or deadlines established by the Court in this Action.

11. For the reasons stated above, the parties are by this stipulation requesting that the Court extend the mediation date deadline from January 31, 2010 to March 31, 2010.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 28, 2010 in the City of Oakland, California.

/s/ Sidney J. Cohen

_____
Sidney J. Cohen

**ORDER ENLARGING TIME TO CONDUCT MEDIATION**

1. Upon the stipulated request made by the parties in this Action, the Court finds good cause to continue the mediation deadline previously established by this Court.

2. The Court orders that the date by which the parties shall conduct mediation with a court-appointed mediator be extended from January 31, 2010 to March 31, 2010.

Date: 2/1/10

_____
SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE